# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

JAMES B. HORNER, )
)
    *Plaintiff*, )
) Case No. 06-2352 JWL
*v.* )
)
UNION PACIFIC RAILROAD CO., )
)

## COMPLAINT

James B. Horner ("the plaintiff") brings this action for personal injuries he sustained while working for the Union Pacific Railroad Company ("the defendant"). For his complaint, the plaintiff states as follows:

### The Parties, Jurisdiction and Venue

1. The plaintiff brings this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.* This Court has jurisdiction under 45 U.S.C. § 56 and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(c).

2. The plaintiff is a resident of Montgomery County, Kansas.

3. The defendant is a corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States. At all times relevant to this complaint, the defendant has conducted business in the State of Kansas and in this judicial district. The defendant's registered agent for service of process is: The Corporation Company, Inc., 515 S. Kansas Ave., Topeka, KS 66603.

**The Plaintiff's Injuries and Damages**

4. The plaintiff has worked for the defendant since 1966. During his career, he first served as a trackman, and-most recently-worked as a switchman.

5. His job duties as a switchman included inspecting couplings and air hoses, journal boxes and hand brakes on cars, and joining air hoses together between train cars. The job required the plaintiff to engage in repetitive tasks involving climbing up and down ladders on the side of cars and engines, walking on uneven ballast and bending up and down to lace air joints.

6. In September 2005, the plaintiff began to suffer pain in both of his knees. In November 2005, magnetic resonance imaging revealed degenerative joint disease and meniscal tears in both knees. He was given Depo-Medrol injections in both knees to ease the pain and swelling.

8. By March 15, 2006, the plaintiff's pain was so severe that he could no longer work. At that time, his orthopedic surgeon advised him that his knee injuries were caused by repetitive trauma working for the defendant.

9. The plaintiff has since undergone bilateral knee surgery, physical therapy, injections to relieve pain, and has regularly taken prescription pain medication. His activities have been substantially limited, and he is no longer able to perform his job duties on the railroad.

10. As a result of his injuries, the plaintiff has been damaged in the following ways: past (and possible future) surgery, other medical treatment and physical therapy; permanent loss of strength, use and function of his knees and legs; permanent weakness, diminishment and impairment of his body, general health and strength; physical pain; and lost wages and lost fringe benefits (both past and future); and inability to perform household services.

## The Defendant's Liability

11.     At all times relevant to this complaint, the defendant had a legal duty under FELA to provide the plaintiff with safe working conditions, properly working equipment, safe tools and appliances, and safe methods of work.

12.     The defendant (through the acts of its officers, agents, servants and/or employees other than the plaintiff) failed to carry out these responsibilities, thereby breaching its duty to the plaintiff in the following respects (a) by failing to provide the plaintiff with adequate training, equipment, or working conditions; (b) by failing to properly warn the plaintiff that certain repetitive tasks using certain equipment may cause injuries similar to or the same as those suffered by the plaintiff; (c) by failing to promulgate, follow and enforce reasonable rules, customs, practices, policies and procedures for the protection of the plaintiff; (d) failing to provide the plaintiff with adequate work support from other employees to minimize his physical burden and risk of injury; and (e) requiring the plaintiff to work beyond his reasonable physical abilities.

13.     The defendant was negligent in each and every one of the respects outlined in paragraph 12 of this complaint.  That is because the defendant knew, or by the exercise of ordinary care should have known, that in each alleged failure it was reasonably likely that the plaintiff and other employees would suffer bodily injury.

14.     The defendant, in each of its negligent acts alleged in this complaint, has violated FELA.

15.     The injuries and damages alleged in paragraphs 6 through 10 of this complaint were caused in whole or in part by the defendant's negligence and violation of FELA.

## Request for Relief

16.     The plaintiff seeks a judgment and award of damages in an amount that is fair and

reasonable to compensate him for the injuries he has suffered and will continue to suffer because of the defendant's negligence.  These injuries include the following economic and non-economic injuries and losses: (a) his past and future pain and suffering - both physical and mental; (b) the impairment of his ability to perform usual activities; (c) disfigurement caused by his injuries; (d) aggravation caused to any preexisting condition; (e) the reasonable value of necessary medical care received and expenses incurred as a result of his injuries; (f) the present cash value of medical care and expenses reasonably certain and necessary to be required in the future; (g) the reasonable value of the past earnings lost as a result of the injury; (h) the present cash value of the future earning capacity lost because of the injury, taking into consideration the earning power, age, health, life expectancy, mental and physical abilities, habits, and disposition of the plaintiff, and any other circumstances shown by the evidence; (i) the reasonable value of necessary services provided by another in doing things for the plaintiff, which, except for the injury, the plaintiff would ordinarily have performed; and (j) the present cash value of such services reasonably certain to be required in the future; (k) all pre-judgment and post-judgment interest allowed by law; (l) all relief allowed under FELA not specifically requested in this complaint; (m) for his costs to bring this action; and (n) for all other relief deemed just and proper by this Court.

**Jury Trial Demand and Designation**

Under Fed.R.Civ.P. 38, the plaintiff demands a trial by jury.  Under Local Rule 40.2, he designates Kansas City, Kansas as the place for trial.

Respectfully submitted,

**HUBBELL PEAK O'NEAL NAPIER & LEACH**

/s/ Jarrett A. Johnson
Jarrett A. Johnson  (D. Kan # 78021)
Union Station - Suite 350
30 West Pershing Road
Kansas City, Missouri 64108
Telephone:     816-221-5666
Facsimile:     816-221-5259
*Attorneys for Plaintiff*